IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  3:15cr45/RV/EMT
                                                   3:17cv149/RV/EMT

ROBERT WIGGINS, JR.

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 89).   The Government filed a response (ECF No. 94), and Defendant filed a reply (ECF No. 95).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

On August 19, 2015, Robert Wiggins, Jr., was charged in a single-count indictment with possession of a firearm by a convicted felon (ECF No. 3). The charges stemmed from a Confidential Informant's purchase of a .22 caliber pistol from Wiggins in a Pensacola motel room on June 2, 2015. The CI entered the motel room, with Wiggins' consent, and videotaped the exchange. At the time Wiggins was also in possession of a .45 caliber pistol, which he refused to sell (ECF No. 70, PSR ¶¶ 10, 11). On September 25, 2015, represented by appointed counsel Ronald Johnson, Esq., Wiggins entered a guilty plea pursuant to a written plea agreement, statement of facts, and supplement (ECF Nos. 24–26, 56).

On October 5, 2015, the court received a handwritten letter from Wiggins in which he requested to withdraw his guilty plea (ECF No. 28). The following day, Attorney Johnson filed a Motion to Withdraw Guilty Plea with a signed declaration from Wiggins (ECF No. 29). The general premise of both motions was that Wiggins' plea was not knowing and voluntary because he believed that he was pleading guilty to possession of a firearm, rather than sale of a firearm, and that he did not agree with the facts set forth in the factual basis relating to the sale of a firearm. The district court held a hearing during which it reiterated to Wiggins that

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT

he was not charged with selling firearms, but merely with possession (ECF No. 85 at 6, 11).   Wiggins stated that he understood this although he continued to argue about entrapment (*id*. at 12).   The court denied his request to withdraw his guilty plea (ECF Nos. 33, 34, 85).

On October 29, 2015, the defense filed a second motion to allow Wiggins to withdraw his guilty plea (ECF No. 35).   Wiggins again claimed that he was entrapped into committing the offense conduct, and his handwritten explanation of this position is attached to the motion (ECF No. 35 at 3–4).   The motion reflects counsel's belief that Wiggins misunderstood the law and that it was not in his client's interest to pursue the motion.   The court denied the motion the same day it was filed (ECF No. 36).

On November 6, 2015, Wiggins' attorney, Mr. Johnson, moved to withdraw from representing Defendant (ECF No. 37).   The court granted the motion, and attorney Donald M. Sheehan entered a notice of appearance in Wiggins' behalf on November 18, 2015 (ECF No. 39, 40).

One week later, on November 25, 2015, Mr. Sheehan filed a "Motion to Withdraw/Request for Faretta Hearing" (ECF No. 42).   The motion reflects Wiggins' intent to file a third motion to withdraw his guilty plea and counsel's

discussions with Wiggins about the possibility of representing himself.    The court continued sentencing and scheduled a *Faretta* hearing for December 8, 2015 (ECF Nos. 43–45, 48).    After the hearing, the court granted counsel's motion to withdraw and Wiggins' request to represent himself (ECF Nos. 48, 79).

Wiggins filed another pro se motion to withdraw his guilty plea on December 16, 2015, based on a claim of ineffective assistance of counsel (ECF No. 50).    He claimed in the motion that at the October 8, 2015, hearing on his first such motion he "involuntarily decided not to withdraw because Judge Vinson's questions and comments vitiated the defendant's decision to withdraw his guilty plea" and that his second such motion was denied because counsel filed the motion without reviewing it with Wiggins (ECF No. 50 at 1).    The court denied the motion, noting again, that whether Wiggins had sold the guns was irrelevant to the question of whether he possessed them, which he had admitted (ECF No. 52 at 1).

On January 5, 2016, Wiggins filed a fifth motion to withdraw his guilty plea in which he argued that he was misled into accepting an erroneous factual basis which mentioned the sale of firearms (ECF No. 53).    Wiggins made clear that he understood he was not charged with sale of firearms but again complained about

questions from the court at his hearing on the first motion to withdraw (ECF No. 53 at 2).   The court denied the motion on January 6, 2016 (ECF No. 54).

On January 11, 2016, Wiggins filed a motion to appoint counsel (ECF No. 57).   The court granted the motion and re-appointed attorney Sheehan who promptly filed objections to the Draft Presentence Investigation Report (ECF Nos. 58, 59, 61).

The Final Presentence Investigation Report ("PSR") assessed a base offense level of 20, a two-level upward adjustment because Wiggins possessed at least three firearms, and a two-level upward adjustment for obstruction of justice for a total offense level of 24 (ECF No. 64, PSR ¶¶ 30–39).   No reduction for acceptance of responsibility was recommended (ECF No. 64, PSR ¶ 38).   Wiggins' criminal history category was VI (ECF No. 64, PSR ¶¶ 49–51).   The statutory maximum term of 120 months reduced the applicable guidelines range to 100 to 120-months imprisonment (from 100 to 125-months) (ECF No. 64, PSR ¶¶ 70–71).

At sentencing, the court sustained the defense objection to the two-level increase for the number of firearms and the two-level adjustment for obstruction (ECF No. 70, Revised PSR ¶¶ 31, 35).   The revised guidelines range was 70 to 87-

months.    The court sentenced Wiggins at the mid-point of this range to a term of 78-months imprisonment (ECF Nos. 68, 69, 80).

Wiggins appealed, challenging the district court's denial of his five motions to withdraw his plea, and the denial of a three-level acceptance of responsibility adjustment at sentencing (ECF No. 87).    The Eleventh Circuit noted that the record did not support Wiggins' assertions that counsel made numerous errors surrounding his plea or that the district court erred in evaluating the merits of his entrapment defense (ECF No. 87 at 2).    It ultimately affirmed Wiggins' sentence and conviction.

In the present motion, Wiggins raises four separate claims of ineffective assistance of counsel.    The Government opposes the motion in its entirety.

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."    *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.    A prisoner is entitled to relief under section 2255 if the court imposed a sentence that

(1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343

(quotation omitted).    Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.    *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective

factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.   *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two-part test also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   *Id.* at 163 (quoting

*Hill*, 474 U.S. at 59).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."    *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).    Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."    *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").    Counsel's performance must be evaluated with a high degree of deference and

without the distorting effects of hindsight.    *Strickland*, 466 U.S. at 689.    To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."    *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.    "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."    *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."    *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).    For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."    *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir.

2010).    A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."    *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).    Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531 U.S. 198, 203–04 (2001).    A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."    *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT

The Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might

have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

Finally, an evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. And disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Wiggins first argues that counsel (Attorney Johnson) was constitutionally ineffective because he did not object to the district court participating in the discussions and negotiations during the hearing to withdraw his guilty plea (*see* ECF No. 85, transcript of proceedings).

In support of his claim, Wiggins cites to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, which provides that:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement.    The court must not participate in these discussions.

Fed. R. Crim. P. 11(c)(1).   This rule creates a "'bright line rule' that prohibits "the participation of the judge in plea negotiations under any circumstances . . . [and] admits no exceptions."   *United States v. Harrell*, 751 F.3d 1235, 1239 (11th Cir. 2014) (quoting *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996)); *see also United States v. Tobin*, 676 F.3d 1264, 1307 (11th Cir. 2012).   The "prohibition on court participation in plea negotiations is designed to entirely eliminate judicial pressure from the plea-bargaining process."   *United States v. Diaz*, 138 F.3d 1359, 1362 (11th Cir. 1998); *United State v. Casallas*, 59 F. 3d 1173 (11th Cir. 1995).   Even well-intentioned judicial participation in plea discussions

is prohibited.    *Tobin*, 676 F.3d at 1307; *United States v. Johnson*, 89 F.3d 778, 783

(11th Cir. 1996) (statements regarding the penal consequences of a plea as compared

to going to trial are "inherently coercive, no matter how well-intentioned").

The statements of which Wiggins complains in this case occurred only after

he had entered his guilty plea, at the hearing on the motion to withdraw his plea

(ECF No. 85).    At the latter hearing, the court stated that it had reviewed the prior

plea proceeding and found there was nothing to indicate any error therein (*id.* at 3).

It recited the showings a defendant must make to be entitled to withdraw a guilty

plea, and in so doing the court reminded defendant that he would lose any acceptance

of responsibility points if he withdrew his plea (*id.* at 4).    When given the

opportunity to address the court about his motion, Wiggins focused on his belief that

the CI had entrapped him by coming into the motel room to convince him to sell a

gun Wiggins had never intended to sell (*id.* at 5–9).    The court tried to make

Wiggins understand that the case was about mere possession, and counsel indicated

that he had gone over the same issue with his client numerous times as well,

seemingly unsuccessfully.    The court said that it was "tempted to go ahead and set

this case for trial and let him go to trial and suffer the consequences" (*id.* at 10).

However, it went on to say that "the law is pretty clear that [Wiggins] has to make a

lot more showing than he's made to withdraw his guilty plea" (*id*.).    Wiggins again

appeared to object to the CI coming to his motel room and stated:

> I never – look, I'll go ahead and plea out and just stay with the plea I
> have.    I just – that's not right.    That's not right.    I was in the bad
> environment.    What would y'all do?    What would y'all do?    If I get
> shot, who is going to tell my kids that their father wasn't able to defend
> his self.    I had a job.    I worked for Waste Management the whole
> time, the whole time.    They came there to buy a firearm I never
> intended to sell to protect myself.    My girl got both guns for us.    But
> I'll go ahead and take the time.    That ain't right.    This guy came here
> to buy a firearm.    They didn't even get one of those firearms for $400.
> They never even – I never sold that firearm for $400.    I never even
> sold the first one for $50.    He made me take [the money].    He made
> me take it.

(ECF No. 85 at 10–11).    The court denied Wiggins' motion to withdraw the guilty

plea, again finding that the plea had been entered freely, knowingly, and voluntarily

with the assistance of counsel, and that there was no doubt that he had

"constructively or actually or jointly" possessed the firearms (*id.* at 12).

Rule 11(d), which governs the withdrawal of a guilty plea or plea of nolo

contendere, does not contain a parallel admonition proscribing court "participation"

in this process.    Therefore, the district court's comments about the acceptance of

responsibility points that Wiggins could lose if he withdrew his plea were not

prohibited by Rule 11.

Furthermore, although Wiggins asserts in his motion, as he did at the *Faretta* hearing, that the court's comments dissuaded him from withdrawing his plea (ECF No. 79 at 6; ECF No. 89-1 at 5–6), the court expressly found that Defendant had not met the necessary threshold to withdraw the plea.    Therefore, even if Wiggins had decided that he wanted to withdraw his plea, the district court ruled that he was not legally entitled to do so, and the Eleventh Circuit found no error with respect to this ruling (ECF No. 87 at 7–15).    No relief is warranted on this ground.

Ground Two

Wiggins contends that sentencing counsel (Attorney Sheehan) was constitutionally ineffective because he failed to object to the district court's alleged violation of the *Jones* rule after pronouncing sentence.    The so-called *Jones* rule had its genesis in the Eleventh Circuit's decision in *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds by, United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc).    The Eleventh Circuit stated that in order to permit the district court to correct, on the spot, any errors it may have made and to guide appellate review, at sentencing:

> the district court must give the parties an opportunity not only to resolve any objections contained in the addendum [to the PSR], but also—after the court states its factual findings, applies the guidelines, and imposes sentence—to object to the district court's ultimate findings of fact and

conclusions of law and to the manner in which the sentence is pronounced.

*Jones*, 899 F.2d at 1102.    The *Jones* court went on to say:

> Where the district court has not elicited fully articulated objections
> following the imposition of sentence, this court will vacate the sentence
> and remand for further sentencing in order to give the parties an
> opportunity to raise and explain their objections. Where the district
> court has offered the opportunity to object and a party is silent or fails
> to state the grounds for objection, objections to the sentence will be
> waived for purposes of appeal, and this court will not entertain an
> appeal based upon such objections unless refusal to do so would result
> in manifest injustice.

*Jones*, 899 F.2d at 1103; *see also United States v. Campbell*, 473 F.3d 1345, 1347–

1348 (11th Cir. 2007).    If the district court merely asks if there is "anything further"

or "anything else" and neither party responds with objections, the district court has

violated *Jones* because it has failed to elicit fully articulated objections.    *Campbell*,

473 F.3d at 1348 (citing *United States v. Holloway*, 971 F.2d 675, 681 (11th Cir.

1992); *United States v. Snyder*, 941 F.2d 1427, 1428 (11th Cir. 1991).    In

*Campbell*, the court asked "Is there anything further," and neither side raised a "fully

articulated objection," which the Eleventh Circuit took to mean that Campbell's

defense attorney did not understand the court to be eliciting objections.    *Campbell*,

473 F.3d at 1348.    C*f. United States v. Ramsdale*, 179 F.3d 1320, 1324 (11th Cir.

1999) (holding that the district court's inquiry of "anything else?" satisfied *Jones*

where defense counsel stated an objection in response, thereby demonstrating that he understood the court to be eliciting objections)).

At Wiggins' sentencing, after imposing sentence and explaining the requirements of the term of supervised release the court inquired "Counsel, do either of you have anything that needs to be amplified under the Eleventh Circuit procedure" (ECF No. 80 at 31). Both attorneys responded "No, Your honor." (*id.*) Wiggins contends counsel was constitutionally ineffective for his failure to object to the alleged *Jones* violation, but he does not elucidate how he was prejudiced by counsel's failure.

The Government takes the position that the court's question was plainly a reference to *Jones*, although it "could have been phrased better" to ensure that defense counsel understood that the court was eliciting objections (ECF No. 94 at 13). In his reply, Wiggins claims that counsel did not know that the court was required to allow counsel the opportunity to object at the conclusion of sentencing, and it was Wiggins who explained this to Mr. Sheehan (ECF No. 95 at 3). Wiggins claims that he was prejudiced because counsel did not have the opportunity to make additional objections, although he does not identify what additional objections could have been made.

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT

In the event of a *Jones* violation the Eleventh Circuit will normally vacate a sentence and remand the case to give the parties an opportunity to fully present their objections.    However, a remand is unnecessary when the record on appeal is sufficient to enable review.    *Campbell*, 473 F.3d at 1348 (citing *United States v. Cruz*, 946 F. 2d 122, 124 n.1 (11th Cir. 1991)).    Here, the appellate record was sufficient to enable review, so even if counsel had objected to the *Jones* violation, the result of the proceedings would not have changed.    Wiggins has not met his burden of establishing that counsel was constitutionally ineffective under *Strickland*.

Ground Three

As his third ground for relief, Wiggins contends that counsel (Attorney Johnson) was constitutionally ineffective because he failed to raise a Fourth Amendment claim.    He states that counsel should have moved to suppress "illegally seized evidence" because there was no probable cause to conduct an undercover investigation of his hotel room.    He also complains about law enforcement's use of an "untested CI" for the attempted purchases of firearms. Finally, Wiggins asserts that there is a reasonable probability that he would have insisted on going to trial instead of pleading guilty if counsel had not been ineffective.

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT

"A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant." *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting *United States v. Jackson*, 659 F.2d 73, 74 (5th Cir. 1981)) (holding that an indictment that charged the defendant with violating a valid federal statute but omitted an element of the offense contained a non-jurisdictional defect); *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009) (holding that, under the facts presented, a guilty plea did not waive a challenge to the convictions as violating prohibitions against double jeopardy); *United States v. Patti*, 337 F.3d 1317, 1320, 1322 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings" and holding that the denial of a pretrial recusal motion is sublimated within a guilty plea and thereafter unavailable as an issue for appeal); *Smith v. United States*, 447 F.2d 487, 488 (5th Cir. 1971) (holding that guilty plea constitutes a waiver of all non-jurisdictional defects and defenses, including the defense of entrapment). This waiver includes constitutional claims, including ineffective assistance of counsel claims relating to pre-plea issues, although an attack on the voluntary and knowing nature of the plea can be sustained. *Tollett v. Henderson*,

411 U.S. 258, 267 (1973) (individual who pleads guilty may "attack the voluntary and intelligent character of the guilty plea").

At Wiggins' rearraignment proceeding, the court explained the rights Wiggins had under the constitution and the rights he would be giving up by entering a plea of guilty (ECF No. 56 at 6–8).    Wiggins acknowledged that he understood that by pleading guilty he waived any possible defenses he had (*id*. at 8), and he stated he was "most definitely" satisfied with counsel's performance and had no complaint about how counsel had handled the case for him (*id.* at 15).    Thus, he waived any Fourth Amendment claim he might have had by pleading guilty.

Additionally, there was no viable Fourth Amendment claim for counsel to raise.    Counsel explained to Wiggins that he was mistaken in thinking that the Government violated his rights by videotaping what went on in the room, and that the Government, through the CI, had the right to be in the room (ECF No. 85 at 2). The court concurred (ECF No. 85 at 3, 9).    Eleventh Circuit case law supports the conclusion that the CI's knowing use of the recording device was not a Fourth Amendment violation.    *United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1460–61 (11th Cir. 1991), *overruled on other grounds by*, *United States v. Giltner*, 972 F.2d 1563 (11th Cir. 1992); *United States v. White*, 401 U.S. 745, 752 (1971);

*see also United States v. Brathwaite*, 458 F.3d 376, 381 (5th Cir. 2006) (holding that videotaping of defendant's living quarters by consenting CI was not a "search" within the meaning of the Fourth Amendment).   And, Wiggins knew the CI and consented to the CI entering the hotel room, thus forfeiting any privacy interest in what transpired therein.    *Brathwaite*, 456 F.3d at 381.    Counsel is not constitutionally ineffective for his failure to file a meritless motion.    Thus, in addition to the procedural bar, there was no basis for a viable motion to suppress, and Wiggins is not entitled to relief.

<u>Ground Four</u>

Wiggins' final claim is that counsel was constitutionally ineffective because he failed to raise an entrapment defense for possession of a firearm "due to the CI inducing Defendant to engage in the crime."    As noted above, Wiggins' guilty plea was an admission of guilt through which he waived any defenses he might have to the charge.    Furthermore, this claim is inconsistent with Wiggins' insistence that he understands that he was not charged with the sale of the firearms.    The record reflects that Wiggins was already in possession of the firearms that the CI purchased, or tried to purchase.    The sale, a potentially more serious crime, was not charged. As the district court alluded, had Wiggins been charged with selling a firearm, an

entrapment defense may have been viable, but he was not (ECF No. 85 at 6). Counsel was not constitutionally ineffective, and Wiggins is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Wiggins has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore, Wiggins' motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED:**

1.   The motion to vacate, set aside, or correct sentence (ECF No. 89) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16th day of July 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 3:15cr45/RV/EMT; 3:17cv149/RV/EMT